**Order entered December 20, 2016**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01321-CV

### MARK RINES, Appellant

### V.

### CITY OF CARROLLTON, Appellee

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-15-07615**

## ORDER

Before the Court is appellant's December 16, 2016 second motion seeking an extension of time to file a brief. Appellant also complains in his motion about an omission and an inaccuracy in the clerk's record and multiple inaccuracies in the reporter's record. On December 19, 2016, appellee filed an objection to appellant's motion and motion for sanctions.

We **GRANT** appellant's motion as follows:

We **ORDER** the Honorable Dale Tillery, Presiding Judge of the 134th Judicial District Court, to conduct a hearing, **within thirty days of the date of this order**, and make written findings of fact as to:

1.      whether the clerk's record contains the omission as set forth in appellant's motion which is attached to this order;

2. if the clerk's record contains an omission, whether the omitted document has been lost or destroyed;

3. if the document has been lost or destroyed, whether the parties may, by written stipulation, deliver a copy of that item to the trial court clerk for inclusion in a supplemental clerk's record;

4. if the parties cannot agree, determine what constitutes an accurate copy of the missing item and order it to be included in a supplemental clerk's record;

5. whether the clerk's record contains the inaccuracy as identified in appellant's motion;

6. if the clerk's record contains an inaccuracy, the identity of the inaccuracy;

7. whether the reporter's record contains the inaccuracies as identified in appellant's motion; and

8. if the reporter's record contains inaccuracies, whether the parties can agree to correct the inaccuracies.

*See* TEX. R. APP. P. 34.5(d) & (e), 34.6(e)(1) & (2). If the trial court finds the reporter's record contains inaccuracies and the parties cannot agree on whether or how to correct the reporter's record so that the text accurately discloses what occurred in the trial court and the exhibits are accurate, the trial court shall settle the dispute and order the court reporter to conform the reporter's record to what occurred in the trial court and to file certified corrections in this Court. *See* TEX. R. APP. P. 34.6(e)(2).

We **ORDER** Felicia Pitre, Dallas County District Clerk, to file a supplemental clerk's record, **within forty-five days of the date of this order,** containing the trial court's written findings of fact.

We **ORDER** Vielica Dobbins, Official Court Reporter for the 134th Judicial District Court, to file, **within forty-five days of the date of this order**, a reporter's record from the hearing and any certified corrections as ordered by the trial judge.

We defer appellee's motion for sanctions. The Court will rule on the pending motion for sanctions and set a new deadline for appellant's brief when the appeal is reinstated.

We **DIRECT** the Clerk of this Court to send a copy of this order to Judge Tillery, Ms. Pitre, Ms. Dobbins, appellant, and counsel for appellee.

We **ABATE** the appeal to allow the trial court to comply with this order. We will reinstate the appeal in forty-five days or when the Court receives the supplemental clerk's record containing the trial court's written findings of fact, the reporter's record from the hearing, and any certified corrections to the reporter's record, whichever occurs sooner.

/s/    CRAIG STODDART
        JUSTICE